FILED
SUPERIOR COURT
OF GUAM

2022 JUN -6 PM 4: 11

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WAYNE ALLEN WIXON,<br><br>Plaintiff,<br><br>vs.<br><br>CARMEN SABLAN WIXON,<br><br>Defendant. | Superior Court Case No. **DM0319-21**<br><br>**DECISION AND ORDER<br>RE<br>MOTION TO SET ASIDE ENTRY OF<br>DEFAULT** |

In this divorce action between Plaintiff Wayne Wixon and Defendant Carmen Wixon, Carmen moves to set aside the Entry of Default against her. Having reviewed the parties' briefs and applicable law, the Court GRANTS Carmen's Motion and sets aside the Entry of Default.

## I.   PROCEDURAL BACKGROUND

Wayne filed a Verified Complaint for Divorce on July 28, 2021. On October 1, 2021, Carmen's son accepted service of process at her residence in Hawaii. Submission of Proof/Return Serv. to Def. (Oct. 7, 2021). On November 3, 2021, the Court notified Wayne that he was eligible to seek an entry of default. Order to Take Action Based on Eligibility for Default Ag. Defs. (Nov. 3, 2021). Wayne then sought and obtained an entry of default against Carmen. Req. Default and Entry Default (Nov. 14, 2021).

Wayne also requested an evidentiary hearing to determine the terms of a default judgment divorce decree. Req. Evidentiary Hr'g (Nov. 5, 2021). The Court granted that request and, on

## ORIGINAL

December 6, 2021, heard an hour's worth of testimony relative to the distribution of marital assets. Based on Wayne's testimony, the distribution of marital assets is a complex matter. There is, for example, the marital home in Hawaii (Carmen's primary residence) that Wayne seeks to sell to pay off marital debts; a home in Sinajana under Carmen's name which Wayne improved from his separate income and for which he seeks reimbursement; income from Wayne's engineering business over which Carmen has partial ownership; an unprofitable liquor establishment owned by Wayne; and personal properties with substantial value. The parties also have extensive debt. Wayne requested a continuance of the hearing so that he may obtain an updated medical evaluation and an appraisal of marital assets. Minute Entry (Dec. 6, 2021).

A month later, Carmen entered an appearance and moved to set aside the Entry of Default under Guam Rule of Civil Procedure Rule 55(c). Def.'s Mot. Set Aside at 1 (Jan. 24, 2022). Carmen argues that she recently suffered mental and physical pain, stress, and side effects due to medication, which impacted her ability to respond to the divorce complaint. Wayne argues against setting aside the default and cites the time and resources he expended to present evidence supporting a default judgment. He also claims that Carmen was not justified in her delay in entering an appearance.

## II.   LAW AND DISCUSSION

Rule 55(c) allows a court to set aside an entry of default for good cause shown. The Court may examine if "(1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea v. HK Eng'g*, 1998 Guam 14 ¶ 5; *Adams v. Duenas*, 1998 Guam 15 ¶ 5 (extending the factors to an analysis to set aside an entry of default, and holding that courts may liberally construe the factors). A finding that any of these factors is true is grounds to refuse to set aside



ORIGINAL

the default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Because default judgments are generally disfavored, deciding a case on its merits is encouraged. *Adams*, 1998 Guam 15 ¶ 5.

## A. Carmen Does Not Display Culpable Conduct.

For the first factor of the three-part test, a defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Signed Pers.*, 615 F.3d at 1092. Simple carelessness is not sufficient to treat a defendant's conduct as culpable; a defendant must have acted in bad faith, such as intending to take advantage of the opposing party, interfering with judicial decision-making, or manipulating the legal process. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

Carmen attributes her delay to her physical and mental health issues, which include a second heart attack and torn meniscus. Wayne, however, argues that the delay was not the product of her medical issues but was instead an intentional failure to answer. In support, Wayne produced a text conversation between the parties on October 2, 2021, showing that Carmen became aware of the Complaint within the first twenty-four hours of service. Decl. Pl., Ex. A (Feb. 28, 2022). Wayne further argues that if Carmen was well enough to schedule medical appointments, she was well enough to understand the court documents that were served.

Given the liberal standard to be applied to the culpable conduct factor, the Court is not persuaded by Wayne's unqualified assessment of Carmen's physical and mental capabilities upon receipt of service of process. Prioritizing physical and mental health over a pending divorce suit

ORIGINAL

does not qualify as bad faith in failing to answer a lawsuit.  Therefore, the Court does not deem Carmen's conduct as culpable.

### B.  Carmen Has Meritorious Defenses.

Under the second *Midsea* factor, the Court must determine whether a meritorious defense exists in the matter.  Meeting the meritorious defense requirement is a minimal burden—a defendant must only allege sufficient facts that, if true, could constitute a defense.  *Signed Pers.*, 615 F.3d at 1094.  Carmen states that she is prepared to provide evidence to the Court that she has not committed waste and has not abandoned the marriage.  Def.'s Mot. Set Aside at 5.  The Court finds that she has presented sufficient facts to present a meritorious defense if the default is set aside.

### C.  Wayne Has Not Suffered Prejudice.

Under the third *Midsea* factor, for a setting aside of default to be prejudicial against the plaintiff, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  Delays are typically prejudicial if they result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996).

The Court first calculates the length of the delay.  The parties disagree on this point. Wayne contends that her delay is over 100 days from when he served the Summons and Complaint (October 1, 2021); Carmen avers that her delay is only seventy-one days--counted from the Entry of Default to her motion (November 14, 2021). *Midsea* recognizes the date of filing the entry of default as the starting point for how long it takes for a party to appear in the



case. 1998 Guam 14 ¶ 14.  Since the Entry of Default occurred on November 14, 2021, Carmen's delay amounts to seventy-one days.

Next, Wayne states that he has expended time and resources, particularly in pursuing a default judgment.[1]  However, Wayne has not established how the delay has tangibly harmed him, whether it was "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433–34.  Moreover, Wayne was still in the process of gathering a substantial amount of evidence related to the marital assets.

In the absence of proof of tangible harm towards Wayne, his presentation at the one-hour-long evidentiary hearing alone is not enough to prove that he will be prejudiced if the Entry of Default is set aside.  Also, a case containing a seventy-one-day delay can still be addressed in a timely fashion under the Court's time standards.  In addition, the Court finds that any prejudice resulting from setting aside the default is outweighed by the policy of resolving this complicated picture of marital assets and debts on its merits.

## III.  CONCLUSION

Under the *Midsea* factors, Carmen's conduct was not culpable, and she presents a meritorious defense exists.  Despite Carmen's delay in entering an appearance, Wayne still would not be prejudiced if the Court grants the Motion to Set Aside Entry of Default.

The Court therefore GRANTS Carmen's Motion to Set Aside Entry of Default.  The November 15, 2021 Entry of Default is hereby SET ASIDE.  A Scheduling Notice shall issue.

---

[1] At the hearing on the Motion to Set Aside Entry of Default, the Court raised the issue of whether Carmen's informal contact with Wayne constitutes an appearance in the case which would consequently affect the degree of prejudice against Wayne. Under Rule 55(b)(2), the Court finds that Carmen's informal text conversation, prior to the Entry of Default, did not constitute an appearance which would entitle Carmen to notice of the default judgment hearing.

# ORIGINAL

SO ORDERED this 6th day of June 2022.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

W. Gavras,

Berman Law Firm

Date: 6/6/22  Time: 4:15pm

AM

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
William A. Gavras, Esq., Law Offices of William L. Gavras, for Plaintiff Wayne Allex Wixon
Frankie T. Perez, Jr., Berman Law Firm, for Defendant Carmen Sablan Wixon

**ORIGINAL**